USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/18/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

JOHN JAMISON,

                      Petitioner,

        - v -

DANIEL SENKOWSKI, Superintendent,
et al.,

                      Respondents.

---------------------------------X

**MEMORANDUM AND ORDER**

99 Civ. 9424 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Petitioner John Jamison ("Jamison" or "petitioner") pleaded guilty in New York State Supreme Court, New York County, to two counts of robbery in the first degree after having been indicted for numerous counts of robbery, assault, and kidnapping. Petitioner, qualifying as a persistent violent felony offender, was sentenced on May 22, 1995 to two concurrent indeterminate terms of from 25 years to life imprisonment. He then brought a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554 before this court, alleging a number of constitutional infirmities with the process leading to his plea agreement. That motion was granted in part and denied in part. Jamison v. Senkowski, No. 99 Civ. 9424 (NRB), 2001 WL 246397 (S.D.N.Y. March 13, 2001). As a part of that ruling, the Court found that "federal courts conducting habeas corpus review are

1

precluded from examining state criminal sentencing decisions based on state law so long as those decisions do not violate the federal constitution." Id. at 8. Because the Appellate Division had affirmed on state law grounds and the petitioner had raised "no credible federal constitutional arguments," there was no ground for which the Court could grant habeas relief. Id.

The sole remaining claim after the March 13, 2001 Order was petitioner's ineffective assistance of counsel claim. The Court ordered an expansion of the record with respect to this claim on July 25, 2001. Upon receiving documentation expanding the record on the issues requested, the Court concluded in an Order dated December 27, 2001 that the record did not support petitioner's ineffective assistance of counsel claim. Petitioner then brought a motion for reconsideration seeking to discredit submissions in the record and noting that one aspect of his ineffective assistance of counsel claim had not been addressed in the December 27 Opinion. In the Order denying the motion for reconsideration, the Court addressed this argument, namely that Jamison "was denied the effective assistance of counsel because [his attorney] failed to advise him of viable defenses . . . that the recovered weapons were toy guns and that the perpetrator in most of the robberies wore a mask." Jamison v. Senkowski, 204 F.Supp.2d 610, 612-613 (S.D.N.Y. 2002). In

2

doing so, the Court found that Jamison's challenge to the validity of his plea on these grounds failed to meet the requirements of Panuccio v. Kelly because Jamison could not show that the defenses he was allegedly unaware of were in fact viable. 927 F.2d 106, 108 (2d Cir. 1991). As such, no relief was warranted because any alleged failure of his attorney to alert him to the existence of such a defense did not fall below objective standards of reasonableness. Jamison, 204 F.Supp.2d at 612-613.

Jamison appealed the habeas ruling in March 2002 and the Second Circuit denied and dismissed his appeal on August 7, 2002 for failure to make a substantial showing of the denial of a constitutional right. Presently before the Court is Jamison's Petition under Rule 60(b)(6), seeking relief from the judgments listed above. For the following reasons, the petition is denied.

## DISCUSSION

Jamison seeks relief from our judgment on his habeas petition under Federal Rule of Civil Procedure 60(b)(6) on two separate grounds. First, he alleges that the Court "misapplied the provisions of AEDPA in the adjudication of the Petition filed" in that the Court ruled that (1) the state court's determination of his challenge to the application of the state's

persistent felony offender statute was an application of state law, and (2) petitioner had not raised any credible constitutional claim with respect to that application of state law. Second, Jamison alleges that our ruling on his habeas petition omitted reference to the second prong of his ineffective assistance of counsel claim, namely his counsel's failure to advise him as to the availability of a defense.

Jamison brings the current petition under subpart (b)(6) of Rule 60. Rule 60(b)(6) is a catch-all provision allowing for relief from judgment for "any other reason justifying relief." Courts have a great deal of discretion to interpret the rule, Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981), but such relief is only "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (citing Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986), cert. denied, 480 U.S. 908, 94 L. Ed. 2d 523, 107 S. Ct. 1353 (1987)). Further, the rule requires that any such motion be brought within a "reasonable" amount of time from the entry of judgment that is challenged. Fed. R. Civ. P. 60(c)(1).

In this case, the court denied Jamison's habeas petition on December 27, 2001 and further denied his 59(e) motion on March 12, 2002. Jamison offers no justification for why the

4

intervening eight years constitute a reasonable time within which to bring this petition. He does not allege any applicable change in law or newly discovered facts, but rather challenges the proceedings based on information known and fully aired in his habeas proceeding.[1] Further, while the record there is not currently before us, both of these arguments could have been raised in his appeal to the Second Circuit. Accordingly, we find that Jamison's 60(b) motion has not been brought within the reasonable amount of time required by Rule 60(c)(1).

Even if we did proceed to the merits of Jamison's petition, however, it would not provide grounds for relief. Not only does petitioner fail to allege the "extraordinary circumstances" required for relief under this provision, the law of the case doctrine requires that "when a court has ruled on an issue, that decision should generally be adhered to by that court in

---

[1] The two cases cited by Jamison in his submission, Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2647, 162 L.Ed.2d 480 (2005), and Shepard v. U.S., 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), do not justify any departure from our prior rulings. Regardless of whether the Gonzalez holding, that under certain circumstances a 60(b) motion is not a successive petition within the meaning of AEDPA, applies to the petitioner, that case certainly does not mandate relief under the rule. Indeed in that case the Court affirmed the lower court's denial of relief. Gonzalez, 545 U.S. at 538. Further, petitioner claims that Shepard precludes the sentencing court from relying upon a prior conviction absent a judicial record ascertaining the "nature" of the prior conviction. 60(b) Petition, 15, fn. 6. However, in this case the sentencing court would have needed only to look to the fact of Jamison's conviction to apply the enhancement statute (and we note that it is unclear from the record currently before us whether the sentencing court did in fact sentence petitioner under the enhancement statute). This is a different scenario from that in Shepard, where the court prohibited the sentencing court from looking beyond the charging documents, plea agreement, plea colloquy, or comparable record to determine whether a defendant convicted under a broad statutory definition of burglary had been convicted of the more narrow definition of the crime included in the enhancement statute in determining whether the defendant qualified for the enhancement.

subsequent stages in the same case, . . . unless cogent and compelling reasons militate otherwise[.]" U.S. v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002)(internal citations omitted).

There are only three exceptions to the applicability of this doctrine, and the party seeking relief bears the burden of establishing that such an exception is warranted. Oneida Indian Nation of New York v. County of Oneida, 214 F.R.D. 83, 96 (N.D.N.Y. 2003). These exceptions include when there has been (1) an intervening change in controlling law, (2) new evidence discovered, or (3) "a need to correct a clear error of law or to prevent manifest injustice." Id. (collecting cases); see also Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003); U.S. v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994). While the outlines of these exceptions are not clearly delineated in the law, it is clear from the facts as set out in the Petition that none apply to the facts of this case.[2] Thus this court must adhere to its

---

[2] We note that the Second Circuit recently held that several state court affirmances of sentences applying New York state's persistent felony offender statute, N.Y. Penal Law §70.10, were unreasonable applications of clearly established federal law. This determination was based on what the Second Circuit found to be the clear holding of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that "the Sixth Amendment right to a jury trial, applicable to the states as incorporated by the Fourteenth Amendment, prohibits the type of judicial fact-finding resulting in enhanced sentences under New York's PFO statute." Besser v. Walsh, --- F.3d ---, 2010 WL 1223194, *1 (2d Cir. March 31, 2010). In doing so, however, the Court held that only the defendants whose state court decisions upholding enhanced sentences were issued after Blakely were unreasonable applications of clearly established law. Id. While Jamison was sentenced under Penal Law § 70.10, all court proceedings in this case, even including his habeas petition and appeal, concluded prior to the Blakely decision in 2004.

prior rulings that (1) Jamison had raised no "credible federal constitutional argument" with regard to the application of the state sentencing scheme and (2) that because Jamison had failed to demonstrate that either of his proposed defenses were viable, he was not entitled to relief on his ineffective assistance of counsel claim.

## CONCLUSION

For the reasons stated above, Jamison's Petition pursuant to Federal Rule of Civil Procedure 60(b)(6) is denied.

**SO ORDERED.**

DATED:   New York, New York
         May 14, 2010

*[signature]*

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

Accordingly, Jamison does not come within the scope of the Besser ruling given the date of his sentence and its affirmance by the state court.